UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------------------------- x
In re NYSE SPECIALISTS SECURITIES  : Master File No. 03-CV-8264(RWS)
LITIGATION                         :
                                   : CLASS ACTION
---------------------------------- :
This Document Relates To:          : [PROPOSED] ORDER PRELIMINARILY
                                   : APPROVING PROPOSED SETTLEMENT
        ALL ACTIONS.               : BETWEEN PLAINTIFFS AND
                                   : DEFENDANT VAN DER MOOLEN,
---------------------------------------------------------- x SCHEDULING HEARING FOR FINAL
APPROVAL THEREOF, AND APPROVING
THE PROPOSED FORM AND PROGRAM
OF NOTICE TO THE CLASS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/12

780398_1

Plaintiffs and Defendants Van der Moolen USA, LLC and Van der Moolen Holding, N.V. (collectively "Van der Moolen") in the consolidated class action captioned *In re NYSE Specialists Securities Litigation*, 03-CV-2864(RWS) (the "Class Action"), having applied for an order approving the proposed settlement of the Class Action in accordance with the Settlement Agreement and for dismissal of the Class Action on the merits and with prejudice upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and accompanying documents; and all Parties having consented to the entry of this Order,

NOW, THEREFORE, this ___ day of November, 2012, upon application of the Parties,

IT IS HEREBY ORDERED that:

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. For purposes of this Settlement, the Class is defined pursuant to this Court's Order certifying the class dated March 14, 2009 as: all Persons who submitted orders (directly or through agents) to purchase or sell NYSE-listed securities during the Class Period, which orders were listed on the Specialists' Display Book and subsequently disadvantaged by the Settling Defendants. Excluded from the class are Van der Moolen, any person, firm, trust, or corporation that controls or is controlled by Van der Moolen (an "Affiliate"), any officers or directors of Van der Moolen, and the legal representatives, agents, heirs, successors-in-interest or assigns of any excluded party, in their capacity as such.

3. A hearing will be held on March ___, 2013 at ___ [a.m./p.m.] [approximately 95 days after entry of this Order] in Courtroom 18C of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement (the "Settlement Hearing").

- 1 -

780398_1

The foregoing date, time, and place of the Settlement Hearing shall be set forth in the notice and publication notice which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Members of the Class other than that which may be posted at the Court and on the Court's website.

4. The Court may approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Parties and without further notice to the Class.

5. Within ten days after the date of the entry of this Order, Lead Counsel shall cause copies of the Class Notice, substantially in the form attached as Exhibit A-1 to the Settlement Agreement, to begin to be mailed by United States first class mail, postage prepaid, to Claimholders or their brokers, clearing members, or nominees, and to any reasonably identifiable Members of the Class. The foregoing mailings shall be completed no later than 15 days after the date of entry of this Order.

6. As soon as practicable after the mailing of the Class Notice commences, and no later than ten days after mailing of the Class Notice, Lead Counsel shall cause to be published copies of the Summary Notice substantially in the form attached as Exhibit A-2 to the Settlement Agreement as follows: (a) one day each month for two consecutive months in the *Investor's Business Daily*; and (b) one day each month for two consecutive months over the *Business Wire or PR Newswire*.

7. Lead Counsel shall also cause the Class Notice to be published on a website established for this Settlement, www.NYSESpecialistsLitigation.com, within 10 days after the entry of this Order. Both the Class Notice and the summary notice will direct Members of the Class to the website, www.NYSESpecialistsLitigation.com, where they can access the Settlement Agreement, this Order, the motion for preliminary approval, answers to anticipated questions about class action settlements, and other information.

8. The Court approves, in form and substance, the Class Notice. The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice of the Settlement Hearing to all persons entitled to receive such notice, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and applicable law.

9. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement Agreement was entered into at arm's-length by experienced counsel, after numerous settlement negotiations, and is sufficiently within the range of reasonableness that Notice should be given as provided in this Order. The terms of the Plan of Allocation are preliminarily approved as within the range of reasonableness.

10. All proceedings in the Class Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

11. Lead Counsel shall file their motion, if any, for payment of attorneys' fees and reimbursement of expenses and for final approval of the Settlement at least 37 days prior to the Settlement Hearing.

12. Any Member of the Class who objects to any aspect of the Settlement or the Order and Final Judgment, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person other than Lead Counsel and counsel for Van der Moolen shall be heard and no papers, briefs, pleadings, or other documents submitted by any Member of the Class shall be considered by the Court unless, not later than 23 days prior to the Settlement Hearing directed herein the objecting Member of the Class files the following

with the Court and serves the same on or before such filing by hand or overnight mail on the Lead Counsel and/or a representative of Van der Moolen:

    (a)    a written notice of intention to appear;

    (b)    a statement of all purchases and sales of covered NYSE securities during the Class Period, including the dates of each purchase or sale, and the number and type of shares purchased or sold;

    (c)    a detailed statement of the objections to any matters before the Court;

    (d)    a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court;

    (e)    the grounds or reasons why the Member of the Class desires to appear and be heard; and

    (f)    all documents or writings the Member of the Class desires the Court to consider.

13. Any briefs in opposition to any objections submitted pursuant to Section 12 shall be filed at least seven days prior to the Settlement Hearing.

14. Any Member of the Class who fails to object in the manner described in Section 12 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding, unless otherwise ordered by the Court.

15. Any request for exclusion from the Settlement by a Member of the Class must be received by the Claims Administrator no later than the Exclusion Bar Date.

16. At least seven days prior to the Settlement Hearing, Lead Counsel shall cause to be served and filed a sworn statement attesting to compliance with the notice provisions in Sections 5 and 6 of this Order.

17. To effectuate the Settlement Agreement and the notice provisions, the Court hereby approves Heffler, Radetich & Saitta LLP (the "Claims Administrator") to be responsible for: (a) establishing a P.O. Box, information telephone line and website (to be included in the Class Notice and publication notice) for the purpose of communicating with Members of the Class; (b) disseminating notice to the Members of the Class; (c) accepting and maintaining documents sent by Class Members; and (d) administering the process of identifying Class Members and allocating funds among such Class Members.

18. The Settlement Agreement and any negotiations, statements, or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption of, concession of, or admission by, any of the Released Persons or any other person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Actions or otherwise, or that Plaintiffs, the Class, or any other Person, have suffered any damage attributable in any manner to any of the Released Persons. The Settlement Agreement and any negotiations, statements, or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption of, concession of, or admission or lack of merit of any of the releasing parties' claims. The existence of the Settlement Agreement, its contents, and any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted into evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Class Action or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement. Notwithstanding the foregoing, any of the Released Persons may file the Settlement Agreement, or

any judgment or order of the Court related hereto, in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

19. If the Settlement is approved by the Court following the Settlement Hearing, a Final Order and Judgment will be entered as described in the Settlement Agreement.

20. If the Settlement, including any amendment made in accordance with the Settlement Agreement, is not approved by the Court or shall not become effective for any reason, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Settlement Agreement), and preliminary certifications herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect. In that event, neither the Settlement Agreement, nor any provision contained in the Settlement Agreement, nor any action undertaken pursuant thereto, nor the negotiation thereof by any Party, shall be deemed an admission or concession, or received as evidence in this or any other action or proceeding.

21. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Members of the Class.

22. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

23. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

24. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

IT IS SO ORDERED.

Signed this 19 day of November 2012, at the courthouse for the United States District Court for the Southern District of New York.

DATED: _____     _____
                                    THE HONORABLE ROBERT W. SWEET
                                    UNITED STATES DISTRICT COURT JUDGE