UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re NYSE SPECIALISTS SECURITIES LITIGATION | : : : | Master File No. 03-CV-8264(RWS) |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: ALL ACTIONS. | : : : : | |
| | x | |

# MEMORANDUM OF LAW IN SUPPORT OF LOVELL STEWART HALEBIAN JACOBSON LLP'S MOTION, PETITION AND APPLICATION FOR AN AWARD OF A RESONABLE ATTORNEYS' FEE

**PRELIMINARY STATEMENT**

Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") respectfully submits this memorandum and the accompanying Declaration of Victor E. Stewart, Esq. in support of their application for an award to Lovell Stewart of reasonable attorneys' fees from the settlement with the Specialist Defendants[1] and, specifically, from Lead Counsel's request for an award of $7,613,000 in attorneys' fees and a separate expenses payment of $2,219,518.[2]

    A. **This Court May Award A Fair And Reasonable Attorneys' Fee <u>To Lovell Stewart</u>**

        1.      **F.R.Civ.P. Rule 23(h)**

Rule 23(h) of the Federal Rules of Civil Procedure provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law."  F. R. Civ. P. 23(h).  Under the common fund doctrine, this Court is authorized by law to award fees out of the settlement with the Specialist Defendants.  *E.g.*, *In re Imax Securities Litigation*, 2012 WL 3133476 (S.D.N.Y. 2012); *In re Bayer AG Securities Litigation*, 2008 WL 5336691 (S.D.N.Y. 2008).

The Advisory Committee Notes to Rule 23(h) state that "[i]n some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the

---

[1] The "Specialist Defendants" collectively refers to defendants LaBranche & Co., Inc., LaBranche & Co., LLC, George M.L. LaBranche, IV, Bear Wagner Specialists LLC, Bear Steams & Co., Inc., Spear, Leeds & Kellogg Specialists LLC, Spear, Leads & Kellogg, LP, The Goldman Sachs Group, Inc., Goldman Sachs & Co., Vander Moolen Specialists USA, LLC, Vander Moolen Holding N.V., FleetBoston Financial Corporation, Fleet Specialist, Inc., Bank of America Corporation, Quick & Reilly, Inc., Performance Specialist Group, LLC, Kellogg Group, LLC, Susquehanna Specialists, Inc. (also known as SIG Specialists, Inc.), Susquehanna International Group, LLP and Susquehanna Financial Group, LLLP.

[2] Lead Counsel's Memorandum of Law (Docket #390) and Declaration of David W. Mitchell (Docket #391), filed April 12, 2013, lay out the basis for Lead Counsel's requests for attorney's fees and expenses.

class, such as attorneys who acted for the class before certification but were not appointed class counsel." Advisory Committee Notes to F.R.Civ.P. 23(h).

Here, Lovell Stewart is in a better position than even the counsel expressly referenced by the above-quoted language of Rule 23(h). This is because Lovell Stewart was appointed as Co-Lead Counsel on May 27, 2004. As such, Lovell Stewart performed the professional services and undertook all the steps set forth in the accompanying Stewart Declaration, ¶¶4-21.

This includes the successful oral argument by Christopher Lovell of Lovell Stewart against the now settling-Specialist Defendants' motion to dismiss on April 13, 2005 and other services. *E.g*.

### A. Investigation and Drafting of The Consolidated Complaint

8. While investigating matters for the Consolidated Complaint, Lovell Stewart attorneys obtained information providing the basis to allege extensive wrongful conduct by the Specialist Defendants that was <u>not addressed</u> by the Securities and Exchange Commission ("SEC") as part of its settlements with the Specialist Defendants.

#### 1. Additional Securities Specifically Alleged In The Consolidated Complaint

9. This new information, including that derived from witness interviews and other sources, enabled the Co-Lead Counsel and the Lead Plaintiffs to plead that the Specialist Defendants' unlawful conduct extended to beyond those extremely limited securities that were involved in the SEC settlements with the Specialist Defendants.

10. Among many other things, the investigation by Lovell Stewart attorneys uncovered twenty-one additional specific NYSE stocks in the trading of which Specialist Defendant Fleet allegedly committed violations. Based upon their investigation, Lovell Stewart drafted very extensive portions of what became the Consolidated Complaint. Such complaint included specific allegations that Specialist Defendant Fleet's unlawful trading practices affected <u>twenty-seven</u> specific NYSE stocks compared to the six NYSE stocks identified by the SEC. Consolidated Complaint ¶111.

#### 2. Further Lovell Stewart Investigation Relating To Alleged Wrongdoing By Defendants Additional To That Revealed In The SEC Settlements

11. Lovell Stewart's investigation also uncovered various information indicating that the Specialist Defendants engaged in additional alleged wrongdoing that was not expressly addressed in the SEC settlements with the Specialist Defendants. Lovell Stewart's investigation in this regard derived from witness interviews and other sources they provided the information that enabled Lead Plaintiffs to make further particularized allegations of systematic wrongdoing. Such allegations pointed towards a larger universe of unlawful conduct than that involved in the six stocks as to each Specialist Defendant in the SEC settlements.

12. Based on Lovell Stewart's investigation, Co-Lead Counsel drafted numerous such allegations. These include the allegations at ¶¶105-109 (allegations of manipulating the tick or

price movement of a stock to effect principal trade); ¶¶110-126 (allegations of falsifying trade records and reports to conceal their illegal and manipulative practices); ¶¶83-90 (allegations of front-running large public orders; and ¶¶91-104 (allegations of freezing the book violations).

### 3. The Particularized Allegations In the Consolidated Complaint Supporting the Vast Expansion of the Specialist Defendants' Liability <u>Beyond That Indicated In the SEC Settlements</u>

13. Based largely on the foregoing investigation by Lovell Stewart and other work by Lovell Stewart and Robbins Geller to craft the foregoing and other particularized allegations, the Lead Plaintiffs alleged in the Consolidated Complaint far greater wrongdoing by the Specialist Defendants than that in the limited six stocks per Specialist Defendant reflected in the SEC settlements.

14. This enabled the Lead Plaintiffs to allege fraudulent conduct by the Specialist Defendants in transactions in <u>all stocks listed on the NYSE</u> for which the Specialist Defendants were responsible for maintaining the trading market. ¶22.

15. (a) Before turning to the Specialist Defendants' motion to dismiss, I respectfully note that the Settlement Class of persons who are receiving benefits herein (or, who were preliminarily certified by the Court as a Class for purposes of the Settlement) is similarly not limited to the six securities per Specialist Defendant that were involved in the SEC settlements.

(b) On the contrary, the Settlement Class that was preliminarily certified included transactions in **all** NYSE listed securities during the Class Period that were listed on the Specialist Defendants' Display Book and subsequently disadvantaged by the Settling Defendants. See Preliminary Approval Order, Dated November 20, 2012 at ¶2.

### B. The Specialist Defendants' Motion To Dismiss

16. The Specialist Defendants moved to dismiss the Consolidated Complaint on November 16, 2004. See Docket No. 131. In their motion, the Specialist Defendants argued that that Lead Plaintiffs' attempted to "bootstrap their broader claims onto the allegations in the [SEC] Settlement Orders." *See, e.g.,* Docket No. 131 at p. 28.

### C. The Opposition to Specialist Defendants' Motion to Dismiss

17. Lovell Stewart researched and prepared the initial drafts of the opposition to the Specialist Defendants' motion to dismiss which addressed the additional securities, the additional wrongdoing and other allegations in the Consolidated Complaint. *See* Docket No. 147. In their opposition papers which were filed on January 26, 2005, Lead Plaintiffs strenuously argued against the Specialist Defendants' attempts to characterize and limit the allegations in the Consolidated Complaint to the narrow conduct and limited securities at issue in the SEC's investigation. Docket No. 147 at pp. 16-39. Specifically, Lead Plaintiffs argued that the Plaintiffs had adequately pled violations that resulted from the broader conduct of the Specialist Defendants alleged in the Consolidated Complaint. *Id*.

### D. The Oral Argument on Motion to Dismiss

18. On April 13, 2005, Lovell Stewart's senior lawyer, Christopher Lovell, argued against the entire Specialist Defendants' motion to dismiss on behalf of Lead Plaintiffs at oral argument. Robins Geller argued the New York Stock Exchange portion of the motion to dismiss. Mr. Lovell's presentation included extensive argument that the Specialist Defendants' scheme was not limited to an air tight vault of six stocks nor the few matters involved in the SEC Settlements.

### E. The Specialist Defendants' Motion to Dismiss Is Substantially Denied

19.     On December 12, 2005 the Court issued its Opinion on the Specialist Defendants' motion to dismiss. In the Opinion, the Court acknowledged that the Specialist Defendants argued that "Plaintiffs have failed to adequately plead scienter beyond those trades involving the individual stocks specified in the [SEC] Settlement Orders." Opinion p. 65.

20.     However, the Court ultimately upheld the expanded Section 10(b) manipulative scheme claim against certain Specialist Defendants, upheld the expanded Section 10(b) false and misleading statement claims against all Specialist Defendants and upheld the expanded Section 20(a) claim against all but one of the Specialist Defendants. Opinion at p. 84.

21.     From December 12, 2005 until March 3, 2006, Lovell Stewart, working with Co-Lead Counsel, drafted subpoenas to the SEC and NYSE, participated in a Rule 26(f) conference, prepared and filed a joint report regarding same [Docket No. 180], otherwise worked on discovery related matters and performed other legal services.

Stewart Declaration, ¶¶8-21.

Under the common fund doctrine, Lovell Stewart's professional services provided during the Fee Compensable Period (May 28, 2004 through March 3, 2006) materially benefitted the Class, and also facilitated and substantially contributed to the Settlement herein. *Id.*

Therefore, under the Advisory Committee Note to Rule 23(h), this is a classic case in which this Court may award a fair and reasonable fee to Lovell Stewart.

### 2.     Case Law

Former counsel have been awarded fees on a common fund basis from subsequent settlements in class actions. *In re Imax Securities Litigation*, 2012 WL 3133476 (S.D.N.Y. 2012); *In re Bayer AG Securities Litigation*, 2008 WL 5336691 (S.D.N.Y. 2008).

Lovell Stewart acknowledge that our colleagues at Robbins Geller should be awarded a fee representing a higher proportion of the lodestar value of Robbins Geller's professional services than should Lovell Stewart. This is because Robbins Geller was Co-Lead Counsel during the same time as Lovell Stewart as well as thereafter.

However, Lovell Stewart respectfully submits that their services during the Fee Compensable Period described in the Stewart Declaration merit fair and reasonable compensation.

## CONCLUSION

For the foregoing reasons, Lovell Stewart respectfully requests that the Court award Lovell Stewart a fair and reasonable attorneys' fee.

Dated: New York, New York
April 12, 2013

Respectfully submitted,

*/s/ Christopher Lovell*
Christopher Lovell
Victor E. Stewart
Ian T. Stoll
**LOVELL STEWART HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501
New York, New York 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4775